UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| PHOENIX BULK CARRIERS (US), LLC, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. _____ |
| v. | § § | ADMIRALTY RULE 9(h) |
| CAL-IXA AGGREGATES LLC, d/b/a CAL-IXA AGGREGATES | § § § § § § | |
| Defendant. | § | |

**PLAINTIFF'S VERIFIED COMPLAINT**

Plaintiff PHOENIX BULK CARRIERS (US), LLC, ("PBC" or "Plaintiff") files this Verified Complaint ("Verified Complaint") against CAL-IXA AGGREGATES LLC d/b/a CAL-IXA AGGREGATES ("CAL-IXA" or "Defendant")(collectively, the "Parties") and alleges as follows:

1. This Verified Complaint reasserts claims made against CAL-IXA in a previously filed application for maritime attachment and garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure in the District Court of the Northern District of Texas, Dallas Division (Civil Action No. 20-cv-01849-E-BT)(the "Prior Action"). On July 5, 2021, the Prior Action was dismissed voluntarily and *without* prejudice pursuant to a settlement agreement further discussed below.

**JURISDICTION**

2. This Court has subject matter jurisdiction over admiralty and maritime claims pursuant to 28 U.S.C. § 1333. Because the underlying dispute arises from a maritime charter party, this matter presents an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

1

## PARTIES

3. Plaintiff is a business entity duly organized under the laws of Delaware and registered to do business in Rhode Island. At all relevant times, Plaintiff was the disponent owner of the vessel BULK FREEDOM (IMO No. 9317092) (the "Vessel").

4. Upon information and belief, Defendant CAL-IXA is a business entity organized under the laws of Texas, with a principal place of business in Houston, located in the Southern District of Texas.

## FACTS

5. On or about August 27, 2019, Plaintiff and CAL-IXA entered into a voyage charter party for the Vessel (the "Charter Party"), a true and accurate copy of is attached hereto as Exhibit A.

6. Pursuant to the terms of the Charter Party, CAL-IXA agreed to pay Plaintiff freight at a rate of $11.25 per metric ton for the transport of the cargo from "1 SP, 1SB Veracruz, Mexico […]" to "1sp, 1sb, Houston […] or Corpus Christi or Galveston, USA, or any other in the same distance on the Gulf of Mexico, CHOPT". Exhibit A at Part I, Box 10, 11 and 13.

7. Pursuant to the terms of the Charter Party, CAL-IXA agreed to pay for delays at the loading and/or discharge ports known in the industry as demurrage. Essentially, CAL-IXA, the charterers of the Vessel, agreed to pay for liquidated damages for times when the Vessel was delayed beyond the contractually agreed laytime[1] at the respective port. The applicable demurrage rate was as agreed to be $15,000 per day pro rata. Exhibit A at Part I, Box 20 and Part II, Clause 7.

8. CAL-IXA exceeded its laytime at the port of loading and at the port of discharge and therefore incurred demurrage charges.

---

[1] Laytime is the time provided in a charter party for loading and unloading of cargo.

9. CAL-IXA has failed to make outstanding payment in the amount of $120,000.00 for freight and/or demurrage as per the Plaintiff's invoices, constituting a breach of the Charter Party (the "Outstanding Sums"). A true and accurate copy of the final invoice is attached hereto as Exhibit B.

10. A charter party is a quintessential maritime contract. By its failure to pay the Outstanding Sums CAL-IXA breached a maritime contract resulting in damages to Plaintiff in the amount at least $120,000.00 plus costs, fees, and interest, and giving rise to a quintessential maritime or admiralty claim.

11. The Outstanding Sums have yet to be paid despite assurances (further described below) by CAL-IXA's representatives that such payment would be forthcoming. One of such representatives is Juan Luis Perez Soberon ("Perez")—not a party to this action. Mr. Perez is listed as an officer and manager of CAL-IXA in publicly available documents from the State of Texas Comptroller websites. Perez conducted business with Plaintiff on behalf of CAL-IXA through negotiations, execution of agreements, and payments. Upon such information and belief, Perez's role at CAL-IXA is that of President, CEO, Owner, or a similar corporate leadership position with majority or total control of CAL-IXA's decision-making process. Such conduct includes, but is not limited to:

   a. Negotiating timing of CAL-IXA's payment to Plaintiff (which was ultimately not made, as detailed below) and purporting to deal with CAL-IXA's bank, Veritex Community Bank ("Veritex"), regarding the same.

   b. Managing CAL-IXA's operations and contractual agreements related to the Charter Party in Exhibit A with Plaintiff.

   c. Accessing CAL-IXA's bank accounts to reassure Plaintiff payments were submitted.

12. Perez has admitted that CAL-IXA owes Plaintiff the amounts claimed herein and agreed to pay the outstanding amount, as shown in correspondence dated September 27 and December 5-6, 2019. *See* Exhibit C attached hereto which is a true and accurate copy of email communications between the Perez and Plaintiff.

13. Upon information and belief, CAL-IXA has on numerous occasions attempted to avoid payment of its debt to Plaintiff.

14. Despite repeated assurances that it would pay the Outstanding Sum, CAL-IXA never did.

15. Further, as a result of the Prior Action, the Parties and Perez entered into a settlement agreement (the "Settlement Agreement"). The sum agreed to be paid by Defendant and/or Perez to Plaintiff pursuant to such Settlement Agreement remains outstanding in its entirety.

16. Due to Defendant's non-payment, Plaintiff has terminated the Settlement Agreement and in accordance with its terms, Plaintiff's original maritime claims are restored.

## Attorneys' Fees and Arbitration in England

17. The "Additional Clauses" to the Charter Party provide that all disputes between the parties shall be submitted to a three-person arbitration panel in London, England with English law to apply and the terms of the London Maritime Arbitrators Association to apply to the proceeding ("LMAA Terms"). Exhibit A at Clause 32 of the Additional Clauses and Part I, Box 25.

18. Pursuant to LMAA Terms as well as English law costs and attorney fees are routinely awarded to the prevailing party in an action.

19. Plaintiff currently estimates its costs and attorneys fees at $ 125,000.00.

20. Under English law, a post-judgment statutory interest rate of 8% is typically applied.

Plaintiff reserves all rights to seek increased security as may be needed for the arbitration. Likewise, Plaintiff reserves all rights to seek and recover the full quantum of its damages, attorneys' fees, costs, interest, and other expenses in arbitration in England.

### Rule B Allegations

21. After a diligent search, and as further set forth in the accompanying declaration of Michael Elliott, CAL-IXA cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

22. To the extent that CAL-IXA may be found in an adjacent district such as the Southern District of Texas, CAL-IXA cannot invoke equitable grounds for vacatur. Perez, on behalf of CAL-IXA, repeatedly promised payment and sent "payment confirmations" to Plaintiff that turned out to be false. The lengths which CAL-IXA has gone to in order to avoid paying Plaintiff demonstrate abject bad faith on CAL-IXA's part. CAL-IXA may not invoke equitable relief, as it has unclean hands. *See* Exhibit C.

23. Upon information and belief, CAL-IXA has, or will have during the pendency of this action, assets within this District that are subject to the jurisdiction of this Court, including cargo currently held at the port facility of Port City Sabine Holdings, LLC (the proposed garnishee) in Sabine Pass, Texas.

24. The information upon which Plaintiff has formed its belief that there is, or will be property is a bill of lading dated November 9, 2023, covering flexible road base #610 limestone and listing CAL-IXA as the consignee. The consignee designates the party to which the cargo is to be released at the destination designated on the bill of lading. It is a strong reasonable inference that CAL-IXA is the buyer/ owner.

25. Accordingly, Plaintiff seeks an Order from this Court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, attaching, *inter alia*, any assets of CAL-IXA held by any garnishees within this District for the purpose of obtaining personal jurisdiction over Defendants and to secure Plaintiff's claims, as described above.

AS AND FOR A FIRST CAUSE OF ACTION:
ATTACHMENT OF PROPERTY

26. Paragraphs 1 through 25 of this Verified Complaint are repeated and realleged herein.

27. Defendant breached its maritime contractual obligations to Plaintiff.

28. The breach caused Plaintiff to suffer damages not less than $120,000, plus interest, costs and attorneys' fees (which are recoverable under English law) in an amount estimated to be $125,000.00.

29. Plaintiff expressly reserves all its rights to have the underlying merits of its claims resolved in London arbitration.

30. Plaintiff brings this action to obtain quasi in rem jurisdiction over CAL-IXA, and security for the enforcement of a resulting award/ or judgment which it will obtain against CAL-IXA.

WHEREFORE, Plaintiff prays for the following:

a) That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular the matters alleged in this Verified Complaint, failing which default judgment be entered against it in the sum of $245,000.00;

b) That since Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, the Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for

  Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any funds up to the amount of $245,000.00, belonging to, due or being transferred to, from or for the benefit of CAL-IXA, including, but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for their benefit at, moving through, or within the possession, custody or control of garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure answer the matters alleged in this Verified Complaint;

c) That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

d) That this Court recognize and confirm any judgment(s) rendered on the claims against CAL-IXA set forth herein as a judgment of this Court;

e) That this Court award Plaintiff the attorney fees and costs incurred in this action; and

f) For such other and further relief as the Court deems just and proper.

Dated: December 5, 2023
Beaumont, Texas

Respectfully submitted,

By: /s/ Michael Elliott
**Elliott Sauter, PLLC**

Michael Elliott
State Bar No. 24086916
michael@elliottsauter.com
7557 Rambler Road, Suite 525
Dallas, Texas 75231
(469) 758 – 4150
(469) 758 – 4160 (Facsimile)

**ATTORNEYS FOR PLAINTIFF,
PHOENIX BULK CARRIERS (US), LLC**

**PRO HAC VICE ATTORNEYS
FOR PLAINTIFF:**

**Zeiler Floyd Zadkovich (US) LLP**

Luke Zadkovich*
Telephone: (917)868-1245
luke.zadkovich@zeilerfloydzad.com
33 East 33rd Street
9th Floor, Suite 905
New York, New York 100016

*Application for Pro Hac Vice admission forthcoming*

## VERIFICATION
## DECLARATION OF ROBERT SEWARD

Pursuant to 28 U.S.C. §1746, Robert Seward declares as follows:

1. I am over eighteen years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

2. I am the Vice President of Chartering for Plaintiff and am duly authorized to make this Declaration on Plaintiff's behalf.

3. I have read the foregoing Verified Complaint and know the contents thereof and that the same are true to my knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

4. The source of my information is documents, records, and other information reviewed by me, together with my knowledge and experience regarding the matters addressed by the Verified Complaint.

I declare under penalty of perjury that the foregoing is true and correct.

Executed:   December 5, 2023
            Newport, Rhode Island

_____
Robert Seward